United States District Court
Southern District of Texas
**ENTERED**
March 26, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FRANK HENDERSON BROWN, (TDCJ–CID #01980921) Petitioner, | § § § § § § | CIVIL ACTION NO. 4:19-cv-4780 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LORIE DAVIS, Respondent. | § § § | |

**MEMORANDUM ON DISMISSAL**

Before the Court is a petition for a writ of *habeas corpus* under 28 USC § 2254 filed by Petitioner Frank Henderson Brown. He challenges a disciplinary conviction imposed at the Ellis Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He is currently serving a sentence imposed by a Texas state court.

The Court dismisses the petition because he has not stated grounds warranting federal *habeas* relief.

1. Background

On September 17, 2019 prison officials at the Ellis Unit conducted a disciplinary hearing in disciplinary case 20200009911. The hearing officer found Brown guilty of possession of a tobacco product. Dkt 1 at 5. Brown's punishment consisted of:

- o A loss of commissary privileges for forty-six days;
- o A loss of recreation privileges for forty-six days;

- A reduction in custodial classification from G2 to G4; and
- A reduction in good-time earning class status from State-Approved Trusty (SAT) 3 to SAT 4.

On December 4, 2019 this Court received Brown's federal petition. Brown contends that he was denied due process and so his conviction in the disciplinary case is void. Dkt 1.

2. Legal standard

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v Thaler,* 211 F3d 953, 957 (5th Cir 2000), quoting *Orellana v Kyle*, 65 F3d 29, 31 (5th Cir 1995).

The Supreme Court has stated, "Prison disciplinary proceedings are not a part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v McDonnell*, 418 US 539, 556 (1974). Procedural protections in the context of prison discipline thus are not the same as due process in the criminal law context.

The Supreme Court had historically held that the Due Process Clause governs disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. Id at 571 n 19. The Court held that inmates must be afforded:

- Written notice of the claimed violation at least twenty-four hours before a disciplinary hearing;
- A written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; and
- The right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

Id at 564–66.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v Conner,* 515 US 472 (1995). The

Court referred to its discussion regarding solitary confinement in *Wolff* as *dicta*. Id at 485-86. And it held that discipline such as segregated confinement did not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id at 486. As such, there is no "protected liberty interest that would entitle [the inmate] to the procedural protections set forth in *Wolff*." Id at 487.

The Fifth Circuit has applied *Sandin* to a number of situations. And it has held that the loss of good-time will trigger the protection of the Constitution if a prisoner is eligible for release on mandatory supervision. *Malchi*, 211 F3d at 957–58. To the contrary, punishment consisting of placement in administrative segregation, without more, or the loss of the opportunity to earn good-time is not enough to trigger the protection of the Constitution. *Luken v Scott,* 71 F3d 192, 193 (5th Cir 1995). Any such loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi,* 211 F3d at 959. Likewise, the imposition of commissary and cell restrictions will not trigger the protection of the Constitution. *Madison v Parker,* 104 F3d 765, 768 (5th Cir 1997).

      3.   Analysis

Brown complains about his diminished ability to earn good-time credit. His punishment consisted of a reduction in good-time earning class status from SAT 3 to SAT 4. Liberally construed, he argues that this reduction in good-time earning class status amounted to a loss of good-time credit per month.

Brown did not lose good-time credits. And his loss of the opportunity to earn good-time does not trigger the protection of the Constitution. The restrictions on his privileges are "merely changes in the conditions of his confinement." *Madison*, 104 F3d at 768. As such, these restrictions "do not implicate due process concerns." Ibid; see also *Malchi*, 211 F3d at 958. These penalties are not atypical, significant deprivations that would be actionable. Ibid; see also *Pichardo v Kinker*, 73 F3d 612, 6113 (5th Cir 1996).

The Court finds that Brown's federal petition does not present grounds warranting *habeas* relief. A question remains

whether he may appeal this dismissal of his action. Where a district court rejects a prisoner's constitutional claims on the merits, to pursue appeal the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel,* 529 US 473, 484 (2000). A Certificate of Appealability thus requires a substantial showing of the denial of a constitutional right. *Hernandez v Johnson,* 213 F3d 243, 248 (5th Cir 2000), citing *Clark v Johnson*, 202 F3d 760, 763 (5th Cir 2000), quoting 28 USC § 2253(c)(2).

To make a substantial showing, an applicant must demonstrate:

- o That the application involves issues that are debatable among jurists of reason;
- o That another court could resolve the issues differently; or
- o That the issues are suitable enough to deserve encouragement to proceed further.

See *Finley v Johnson,* 243 F3d 215, 218 (5th Cir 2001).

The Court finds that Brown has not made the necessary showing.

4. Conclusion

The petition for a writ of *habeas corpus* filed by Frank Henderson Brown is DISMISSED WITH PREJUDICE. His challenges to his disciplinary conviction lack merit.

The Court GRANTS the motion for extension of time to pay filing fee. Dkt 2.

The Court DENIES as moot any other pending motions.

The Court DENIES a Certificate of Appealability.

So ordered.

Signed on March 26, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge